UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 20-8873-MWF (SKx) | Date: November 25, 2020 |
| Title: Tiffany Herd v. Smart & Final Stores LLC et al | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING MOTION TO REMAND CASE TO SAN LUIS OBISPO SUPERIOR COURT [9]

Before the Court is Plaintiff Tiffany Herd's Motion to Remand Case to San Luis Obispo Superior Court (the "Motion"), filed on October 20, 2020. (Docket No. 9). Defendants Smart & Final Stores, LLC and Matthew DeWolf filed an opposition on June 29, 2020. (Docket No. 13). Plaintiff filed a reply on November 9, 2020. (Docket No. 14).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on November 23, 2020, pursuant to General Order 20-09 arising from the COVID-19 pandemic.

The Motion is conditionally **GRANTED**. There was nothing improper about Plaintiff's decision to choose a state forum over her federal claims and amend the Complaint accordingly. Because this action is still at the very early stages, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

At the hearing, counsel for Plaintiff agreed to dismiss the class action claims. The parties are **ORDERED** to file a stipulation on or before **December 4, 2020**, in which Plaintiff dismisses her class action claims and agrees that she will not pursue those claims in superior court. If Defendants inexplicably refuse to so stipulate, then Plaintiff shall request voluntary dismissal. Fed. R. Civ. P. 41. Upon receipt of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 20-8873-MWF (SKx) | Date: November 25, 2020 |
| Title: Tiffany Herd v. Smart & Final Stores LLC et al | |

stipulation or request, the Court will issue an order remanding the action to the Superior Court of the State of California for the County of San Luis Obispo.

## I.   BACKGROUND

Plaintiff commenced this action on August 11, 2020, in San Luis Obispo Superior Court.  (*See* Notice of Removal ("NoR"), Ex. A, Complaint (Docket No. 1-1)).  Plaintiff and Defendants are all citizens of California.  (*See id.* ¶¶ 11-13).

The putative class action Complaint states claims for relief under Title III of the Americans with Disabilities Act (the "ADA"), the Unruh Civil Rights Act (the "Unruh Act"), and the California Disabled Persons Act (the "DPA") on behalf of Plaintiff and similarly situated disabled individuals.  (*See generally* Complaint).  The Complaint alleges that Defendants engaged in discriminatory practices in their stores by implementing a mandatory mask-wearing policy for customers, which endangers the health and safety of customers with disabilities and medical conditions that prevent the wearing of a facemask.  (*Id.* ¶ 4).

Defendants removed the action to federal court on September 28, 2020, asserting that the Court has federal question jurisdiction due to Plaintiff's ADA claim, and alternatively, that the Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) and (d)(5).  (*See* NoR).

Plaintiff filed a First Amended Complaint ("FAC") on October 8, 2020.  (Docket No. 8).  While the factual allegations against Defendants remain largely the same, the FAC removes all class action allegations and the ADA claim.  (*See generally*, FAC).  The only remaining claims are the Unruh Act claim and the DPA claim.  (*See id.*).

## II.   DISCUSSION

Plaintiff argues that the action should be remanded because the Court lacks subject matter jurisdiction over the matter.  Specifically, Plaintiff argues that there is no federal question jurisdiction because the FAC removed the ADA cause of action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-8873-MWF (SKx)**                    **Date:  November 25, 2020**
**Title:**   Tiffany Herd v. Smart & Final Stores LLC et al

and all class action allegations, destroying the possibility of CAFA jurisdiction. (Motion at 5-7).   Additionally, Plaintiff asserts, there is no diversity jurisdiction because all parties are citizens of California.  (*Id.*).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Additionally, "[w]hen a claim can be supported by alternative and independent theories — one of which is a state law theory and one of which is a federal law theory — federal question jurisdiction does not attach because federal law is not a necessary element of the claim."  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).  "Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim."  *Wander v. Kaus*, 304 F.3d 856, 859-60 (9th Cir. 2002) (holding there is no federal question jurisdiction over California Disabled Persons Act claim even though element of claim was ADA violation because "actions for damages under the DPA necessarily involve issues outside the scope of Title III of the ADA").

Defendants argue that the Motion should be denied because the action was properly removed at the time based on the claims in the Complaint, and jurisdiction is "analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments.  Because of this rule, a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based."  (Opposition at 4) (quoting *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (internal citation omitted),

| **CIVIL MINUTES—GENERAL** | 3 |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-8873-MWF (SKx) | **Date:** November 25, 2020 |
| **Title:** Tiffany Herd v. Smart & Final Stores LLC et al | |

*abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016)).  Defendants further claim that Plaintiff's amendment was "manipulative."  (*Id.* at 7).

District courts have interpreted *Sparta* to leave room for discretionary remand.  *See Molina v. Rite Aid*, CV 18-08806-SVW (JCx), 2019 WL 121194, at *2 (C.D. Cal. Jan. 7, 2019) (declining to exercise supplemental jurisdiction and granting plaintiff's motion to remand where plaintiff elected to remove claim in amended complaint based on federal statute, the sole basis for federal jurisdiction); *Bay Area Surgical Mgmt., LLC v. UnitedHealthcare Ins. Co.*, CV 12-01421 SI, 2012 WL 3235999, at *4 (N.D. Cal Aug. 6, 2012) (remanding action, noting that "although *Sparta* held that no **right** to remand existed, the Ninth Circuit did not address whether the court could have remanded by exercising its ***discretion*** to decline supplemental jurisdiction over the remaining state court claims") (internal citation and quotation marks omitted) (emphasis added); *Moyles v. Johnson Controls, Inc.*, CV 05-885-FCD-KJM, 2005 WL 1561519, at *9-10 (E.D. Cal. June 29, 2005) ("While defendant's explication of *Sparta*'s holding is correct, that decision is not determinative of this motion . . . district courts possess the discretion to decide whether to retain jurisdiction over state law causes of action after the federal claims for relief have dropped out of the litigation.").

Indeed, before *Sparta* was decided, in *Baddie v. Berkeley Farms*, 64 F.3d 487, 491 (9th Cir. 1995), the Ninth Circuit acknowledged that remand is proper where plaintiffs amend their complaint to remove their federal claims and move for remand without delay.  Rejecting the district court's reasoning that the plaintiffs "had been 'manipulative,'" the *Baddie* court explained that a plaintiff has the right to file its federal claims in state court, and if the defendant removes to federal court, "the plaintiff must then choose between federal claims and a state forum."  *Id.*  "There [is] nothing manipulative about [a plaintiff's] straight-forward tactical decision" to "dismiss[] [its] federal claims and move[] for remand with all due speed after removal."  *Id.*  "The district court has discretion to grant or deny remand."  *Id.* at 490.

| | | |
|---|---|---|
| | **CIVIL MINUTES—GENERAL** | 4 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-8873-MWF (SKx)                    Date:  November 25, 2020
Title:      Tiffany Herd v. Smart & Final Stores LLC et al

In light of these cases, the Court determines that because the FAC contains no federal question and there is no other basis for subject-matter jurisdiction, it retains discretion to remand the case to state court.

At the hearing, Defendants urged the Court to adopt the persuasive reasoning of *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 381 (7th Cir. 2010), and hold that post-removal amendment does not destroy CAFA jurisdiction due to considerations of expense, delay, and the "risk of forum manipulation." The Court declines to do so for these reasons:

***First***, it appears that the Ninth Circuit takes a different approach than the Seventh Circuit. While *Baddie* did not expressly address CAFA jurisdiction, the Ninth Circuit did not interpret a plaintiff's decision to choose a state forum over her federal claims as unfair, reprehensible, or "manipulative." *See Baddie*, 64 F.3d at 491

***Second***, the considerations of delay and expense referenced in *In re Burlington* are not present here, as this is not a situation in which a plaintiff "who believed the tide was turning against [her]" strategically chose to "amend [her] complaint months (or even years) into the litigation to require remand to state court." *In re Burlington*, 606 F.3d at 381 (citing CAFA legislative history, S.Rep. No. 109-14, at 70-71 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 66). Rather, Plaintiff moved to remand almost immediately after Defendants' removal.

***Third***, during the hearing, Plaintiff agreed to stipulate to dismissal of the class action claims, thereby alleviating Defendants' concern that "nothing" would prevent Plaintiff from re-raising these claims as soon as the matter is remanded to state court.

The decision to exercise supplemental jurisdiction is informed by the values of economy, convenience, fairness, and comity. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001, *supplemented*, 121 F.3d 714 (9th Cir. 1997). "'[I]n the *usual* case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.'" *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991) (quoting *Carnegie-Mellon*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-8873-MWF (SKx)                    Date:  November 25, 2020
Title:     Tiffany Herd v. Smart & Final Stores LLC et al

*Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  District courts may decide to retain supplemental claims "on the basis that returning them to state court would be a waste of judicial resources."  *Id.* at 994 (listing cases upholding the district court's decision to retain supplemental claims after claims of original jurisdiction were dismissed).

This matter is in the very early stages, and no resources of the parties, this Court, or the superior court would be conserved by continuing to litigate purely state claims in this Court.  Defendants claim that removal would be unfair, but as noted above, there is nothing unfair about Plaintiff exercising her right to choose between "federal claims and a state forum."  *See Baddie*, 64 F.3d at 491.  And Defendants cannot claim to suffer prejudice by being required to litigate state claims in the superior court.  Plaintiff "clearly desire[s] a state forum" and "other concerns of economy, convenience, and comity would be served by returning to state court what is now at an early stage a purely state-law action."  *See Fletcher v. Solomon*, CV-06-05492, 2006 WL 3290399, at *4 (N.D. Cal. Nov. 13, 2006).  Because the relevant considerations tip in favor of declining to exercise supplemental jurisdiction, the Court concludes that remand is proper.

Plaintiff further seeks attorneys' fees and costs on the basis of improper removal.  This request is **DENIED**.  As discussed above, Defendants' removal was objectively reasonable because there was federal question jurisdiction at the time of removal due to Plaintiff's ADA claim.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("when an objectively reasonable basis [for removal] exists, fees should be denied").

For the same reasons stated above, Defendants' request for Rule 11 sanctions is **DENIED**.  *See Baddie*, 64 F.3d at 491 ("Because we find nothing reprehensible about plaintiffs' maneuvers, Rule 11 sanctions would not be warranted.").

### III.  CONCLUSION

The Motion is conditionally **GRANTED**.  The parties are **ORDERED** to file a stipulation on or before **December 4, 2020**, in which Plaintiff agrees to dismiss her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV 20-8873-MWF (SKx) | **Date:**  November 25, 2020 |
| **Title:**     Tiffany Herd v. Smart & Final Stores LLC et al | |

class action claims.  Upon receipt of the stipulation, the Court will issue an order remanding the action to the Superior Court of the State of California for the County of San Luis Obispo.

     Plaintiff's request for costs and fees and Defendants' request for Rule 11 sanctions are **DENIED**.

     IT IS SO ORDERED.